IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN BAIRD,<br>and<br>KEVGAR HOLDCO, LLC<br>and<br>KRB OPPORTUNITY ZONE FUND, LLC<br>and<br>400 REILY STREET LLC<br>and<br>400 REILY STREET MANAGEMENT LLC<br><br>   Plaintiff,<br><br>   vs.<br><br>MEYERS, ROMAN, FRIEDBERG, & LEWIS,<br>CO., LPA<br><br>   Defendant. | CIVIL ACTION<br><br>NO.: 2:23-cv-01974-MMB |

**Brief in Support of Motion of Defendant, Meyers, Roman, Friedberg & Lewis, Co., LPA, to Dismiss, or Transfer, Based Upon Lack of Jurisdiction and/or Improper Venue Pursuant to Rules 12(b)(2), 12(b)(3), and 12(b)(6), and/or 28 U.S.C.S. Section 1406(a); or, in the Alternative, Motion to Dismiss or Stay Under The First-Filed Rule**

  **I.**  **MATTER BEFORE THE COURT**

Pursuant to Rules 12(b)(2), 12(b)(3), and 12(b)(6) and/or 28 U.S.C.S. section 1406(a), the Defendant, Meyers, Roman, Friedberg & Lewis, Co., LPA (hereinafter "MRFL"), an Ohio law firm, seeks dismissal of Plaintiffs' Complaint, or transfer and consolidation with *Meyers, Roman, Friedberg & Lewis, Co., LPA v. Kevin Baird, et al.*, Case No. 1:23-cv-00491 (currently pending in the United States District Court for the Northern District of Ohio, Eastern Division) (hereinafter "the Ohio action") based upon lack of personal and subject jurisdiction, improper venue, and the parties' agreed upon forum selection clause. Alternatively, Defendant seeks a dismissal or stay of the proceedings pending the outcome of the Ohio federal court action under the first-filed rule.

1

**II.     QUESTIONS PRESENTED**

1. Whether the Court should dismiss Plaintiffs' Complaint due to lack of personal jurisdiction over out-of-state Defendant, MRFL?

Suggested Answer: *Yes*.

2. Whether the Court should dismiss, or transfer, Plaintiffs' Complaint due to lack of subject matter jurisdiction and/or improper venue, where the agreed upon forum selection clause requires this action to have been filed in the state of Ohio?

Suggested Answer: *Yes*.

3. Whether, in the alternative, the Court should (i) transfer and consolidate the case with the first-filed Ohio action; or (ii) stay the instant proceedings pending the outcome of the first-filed Ohio action?

Suggested Answer: *Yes*.

**III.    FACTS**

Defendant, MRFL, is a Cleveland-based law firm with its sole offices located in Woodmere and Westlake, Ohio. See ¶ 4 of affidavit of Bryan Dardis of MRFL, a copy of which is attached as Exhibit "1"; see also ¶ 7 of Plaintiffs' Complaint, a copy of which is attached as Exhibit "5" (admitting that MRFL "is a legal professional association organized under the laws of the state of Ohio with its principal place of business located in Cuyahoga County, Ohio."). MRFL does not advertise or market to the Pennsylvania market at large or otherwise actively solicit business in or from Pennsylvania. See Exhibit 1 at ¶ 6. MRFL does not maintain a physical presence, offices, bank accounts, real property, telephone numbers or any assets situated in Pennsylvania. Id. at ¶ 5. MRFL does not employ any staff in Pennsylvania. Id. at ¶ 7. MRFL does not and is not required to pay Pennsylvania state taxes. Id. at ¶ 8.

On or around January 23, 2020, a PNC representative introduced MRFL via email to Plaintiff, Kevin Baird. Id. at ¶ 9. Mr. Baird was seeking MRFL's legal services in connection with the development of an opportunity zone project in Harrisburg, Pennsylvania. Id. Mr. Baird wanted to form a qualified opportunity zone under the federal Tax Cuts and Jobs Act for its tax advantages and to defer capital gains. Id. at ¶ 10; see also, *generally*, ¶¶ 14-23 of Exhibit 5 (discussing the federal Tax Cuts and Jobs Act, which allows for qualified opportunity zones).

Plaintiffs' Complaint alleges that before retaining MRFL, Mr. Baird had partnered with Gary Nalbandian, a retired founder of several Harrisburg banks, to form KevGar Holdco, LLC (hereinafter KevGar); and that Baird retained MRFL to represent Baird, KevGar and their affiliated structures to qualify for tax advantages under the Tax Cuts and Jobs Act. See ¶¶ 24-25, 27 of Exhibit 5. After being introduced, Mr. Baird and MRFL exchanged emails, telephone calls, and correspondence regarding Mr. Baird's proposed project, which led to MRFL drafting a MRFL attorney-client representation agreement for his signature. See Exhibit 1 at ¶¶ 11-14.

On or about December 14, 2020, Mr. Baird's company, KevGar, acting solely through Mr. Baird, officially retained MRFL and signed the MRFL attorney-client representation agreement. Id. at ¶ 14. The MRFL attorney-client representation agreement was addressed to both Mr. Baird and KevGar, and Mr. Baird signed it as the authorized representative of KevGar. Id. at ¶ 15. A copy of the executed MRFL attorney-client representation agreement is attached as Exhibit "2". It expressly provides that Ohio law shall govern any dispute arising from the agreement, that any dispute shall be subject to the sole jurisdiction of the Bedford Municipal Court or the Cuyahoga County Court of Common Pleas, and that Baird and KevGar unequivocally consent to the jurisdiction in Ohio:

> This agreement will be governed by and construed under
> Ohio law. Any dispute arising out of or under this agreement

> shall be subject only to the Bedford Municipal Court unless jurisdictional limits for said Municipal Court shall be exceeded at which time the Cuyahoga County Court of Common Pleas shall have sole jurisdiction. You irrevocably consent to the personal and subject matter jurisdiction of said courts.

Exhibit 2, p. 5.

MRFL's representation of KevGar included MRFL creating the three affiliated Pennsylvania entities, KRB Opportunity Zone Fund, LLC, 400 Reily Street LLC, and 400 Reily Street Management LLC (the "non-KevGar" Entities"), all of whom are Plaintiffs. See Exhibit 1. at ¶ 17. Mr. Baird is believed to be the Manager, Principal, and/or Owner of all the named Plaintiff-entities, who at all relevant times was acting in his individual capacity and his capacity as Manager/Principal/Owner of these entities when he interacted with MRFL personnel and attorneys. See Exhibit 1 at ¶ 21; see also para. 2 of Exhibit 5 ("Mr. Baird is the statutory agent and/or controlling member or manager of the other Plaintiff entities").

All work performed by MRFL for KevGar and Mr. Baird was performed in Ohio. See Exhibit 1 at ¶ 35. None of the MRFL attorneys and staff working on Mr. Baird's project traveled to Pennsylvania in relation to the work performed for KevGar and Mr. Baird. Id. at ¶ 36. None of MRFL's attorneys are licensed to practice law in Pennsylvania. Id. at ¶ 37. During the course of MRFL's representation,[1] Mr. Baird transmitted payments to MRFL's office in Ohio. Id. at ¶ 29.

Subsequently, a dispute arose between the parties with Mr. Baird threatening to file suit against MRFL in Pennsylvania, even though the forum selection clause required any such suit to be filed in Ohio. Id. at ¶ 33. After it had become clear to MRFL that the parties' dispute could not be amicably resolved and that Mr. Baird was not going to honor the agreed upon forum selection

---

[1] Further details of the legal work which MRFL performed for KevGar and Mr. Baird are set forth in Mr. Dardis' affidavit. See Exhibit 1.

4

clause, MRFL filed the Ohio action. Id. at ¶ 34.

The Ohio action is a declaratory judgment action involving the same parties and the same underlying operative set of facts. The Ohio action, *inter alia*, seeks a declaration of judgment that (i) any lawsuit contemplated by Plaintiffs involving MRFL's representation must be filed in the State of Ohio, and that Ohio law shall govern any such lawsuit, as expressly provided for in the agreed upon choice-of-law and forum selection clauses; and (ii) MRFL was not negligent in providing the requested legal services. A copy of the Ohio action complaint is attached as Exhibit "3". The Ohio action, the first-filed action, is currently pending. A copy of the docket for the Ohio action is attached as Exhibit "4".

On or about May 24, 2023, Plaintiffs filed the current action in the United States District Court for the Eastern District of Pennsylvania (hereinafter "the Pennsylvania action"). See Exhibit 5. The Plaintiffs' Complaint against MRFL contains three counts: legal malpractice/negligence (Count I); breach of contract (Count II); and misrepresentation (Count III). Each of the Counts arises out of and/or otherwise relates to MRFL's legal representation of Mr. Baird and KevGar. Id.[2]

### IV.     LEGAL ARGUMENT

#### A.     Motion To Dismiss Based Upon Lack Of Jurisdiction Pursuant to Rule 12(b)(2) and/or Rule 12(b)(6)

Where deciding a Rule 12(b)(2) Motion to dismiss, the District Court looks to the law of the state where it sits—in this case Pennsylvania--to determine whether it can exercise personal jurisdiction over the defendant. Dollar Sav. Bank v. First Sec. Bank, N.A., 746 F.2d 208, 211 (3d Cir. 1984); Stursberg v. Morrison Sund, PLLC, 2020 U.S. Dist. LEXIS 233042, *18 (E.D. Pa.

---

[2] A copy of the dockets for the instant matter is attached as Exhibit "6". The dockets indicate that Plaintiffs' Complaint was served on Defendant on May 31, 2023. Upon being retained to represent Defendant in the Pennsylvania action, defense counsel and Plaintiffs' counsel entered into a stipulation for a one mutual week extension for Defendant to file a Motion to Dismiss and for Plaintiffs to file their response, which the Court approved. See Exhibit 6 (docs. 6, 9.).

2020). Pennsylvania's long-arm statute allows a court sitting in Pennsylvania to exercise personal jurisdiction over a non-resident to the fullest extent permitted under the U.S. Constitution. Dollar Sav. Bank, *supra*; Stursberg, *supra*.

There are two types of personal jurisdiction: general and specific. Dollar Sav. Bank, 746 F.2d at 211-212. In order for general jurisdiction to exist, the out-of-state-defendant must have "systematic and continuous contacts with the form state." Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007) (citing Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414-15 (1984). Here, the Plaintiffs' Complaint does not claim that general jurisdiction exists. Rather, it claims jurisdiction on the basis of specific jurisdiction. See para. 13 of Exhibit 5.

In determining whether specific jurisdiction exists, the courts look to whether (i) the out-of-state defendant "purposely directed its activities at the forum"; (ii) the litigation arises or relates to such activities; and (iii) "the exercise of jurisdiction otherwise comports with fair play and substantial justice". Marten, 499 F.3d at 296; Stursberg, 2020 U.S. Dist. LEXIS 233042, * 20.

As a general rule, when applying the specific jurisdiction test, the federal courts, including those in the Third Circuit, have declined to exercise jurisdiction over non-resident, out-of-state entities, particularly when they perform all of their work in their own out-of-state (or foreign) forum, unless the non-resident actively and affirmatively sought out plaintiff's business in plaintiff's forum state. Marten, *supra* (dismissal of claims against an out-of-state university based upon lack of jurisdiction). "[I]t is the defendant's and not the plaintiff's contacts with the forum that must be evaluated." Dollar Sav. Bank, 746 F.2d at 214 (citing Rush v. Savchuk, 440 U.S. 320 (1980). Moreover, "'normal incidents' of legal representation, such as making phone calls and sending letters, do not, by themselves, establish purposeful availment to support the assertion of

personal jurisdiction." Asanov v. Gholson, 209 F. App'x 139, 142 (3d Cir. 2006) (citing Sher v. Johnson, 911 F.2d 1357, 1363 (9th Cir. 1990).

The general rule described above, against finding specific jurisdiction, applies to out-of-state law firms. See e.g., Danziger & De Llano, LLP v. Morgan Verkamp LLC, 948 F.3d 124, 130 (3d Cir. 2019) (dismissal based upon lack of jurisdiction of lawsuit filed against a non-resident law firm which had represented Plaintiff in a suit litigated in federal district court in Pennsylvania; rejecting Plaintiff's "but-for causation" jurisdictional analysis); Reliance Steel Products Co. v. Watson, Ess, Marshall & Enggas, 675 F.2d 587, 589 (3d Cir. 1982) (rejecting jurisdiction based upon the allegation that defendant "negligently delivered legal advice into Pennsylvania by telephone and subsequently billed the client in Pennsylvania" and noting that plaintiff initially solicited the out-of-state defendant law firm); SCE Grp., Inc. v. Garson, 2022 U.S. Dist. LEXIS 132362 (D.N.J. 2022 (dismissal of non-resident law firm where Plaintiff crossed state lines to request representation); Vinco Ventures, Inc. v. Milam Knecht & Warner, LLP, 2021 U.S. Dist. LEXIS 172296 (E.D. Pa. 2021) (dismissal of claims against out-of-state law firm based upon lack of jurisdiction); Stursberg, *supra* (same); Nagel Rice, LLP v. Coffman, 2013 U.S. Dist. LEXIS 75517, *15 (D.N.J. 2013) ("As correctly pointed out by Defendants, it was Plaintiff, through Nagel, that initially reached out to Coffman to enter the Agreement; none of the Defendants reached out to Plaintiff in New Jersey to establish the business relationship."); Wilmington Fin. Inc. v. Tom L Moonis, P.C., 2008 U.S. Dist. LEXIS 84951 (E.D. Pa. 2008) (Pennsylvania lacked jurisdiction over non-resident law firm sued for breach of fiduciary duty, negligence, and breach of contract); see also Dollar Sav. Bank, *supra* (the court lacked jurisdiction over an out-of-state bank which received a loan from a Pennsylvania bank).

"A plaintiff may not 'rely on the bare pleadings alone in order to withstand a defendant's motion to dismiss for lack of jurisdiction.'" Vinco, 2021 U.S. Dist. LEXIS 172296, *5-6. Once Defendant properly contests jurisdiction, which can include Defendant submitting an affidavit or other documentation, the burden of proof shifts to Plaintiff to provide proof of jurisdiction "by way of competent evidence". See SCE Group, 2022 U.S. Dist. LEXIS 132362, * 9; Powervar, Inc. v. Power Quality Scis., Inc., 2021 U.S. Dist. LEXIS 132405, *6 (E.D. Pa. 2021); PNC Equip. Fin., LLC v. Pak, 2020 U.S. Dist. LEXIS 194954, * 6 (E.D. Pa. 2020).

In the instant matter, the general rule prohibiting jurisdiction against out-of-state law firms applies because:

      a.      The Defendant, MRFL, is an Ohio law firm with its sole offices located in Woodmere and Westlake, Ohio.

      b.      MRFL does not advertise or market to the Pennsylvania market at large or otherwise actively solicit business in or from Pennsylvania; nor did it do so here.

      c.      MRFL does not maintain a physical presence, offices, bank accounts, real property, telephone numbers or any assets situated in Pennsylvania, does not employ any staff in Pennsylvania, and does not and is not required to pay Pennsylvania state taxes.

      d.      All of MRFL's work in regard to Plaintiffs' claims was performed in Ohio. None of that work was performed in Pennsylvania.

See Exhibit 1.

Furthermore, the forum selection clause in the MRFL attorney-client representation agreement (which, as will be discussed below, is valid and enforceable) expressly states that Ohio is the only proper jurisdiction for Plaintiffs' Complaint. This binding forum selection clause is yet another basis for dismissal based upon lack of jurisdiction. See PNC Equip., 2020 U.S. Dist.

LEXIS 194954, * 11-17 (E.D. Pa. 2020) (lack of jurisdiction based upon forum selection clause); see also Ziarno v. Gardner Carton & Douglas, LLP, 2004 U.S. Dist. LEXIS 7030, *7 (E.D. Pa. 2004) (the court lacked subject matter jurisdiction based upon the parties' contract containing a private mediation/arbitration clause).

In short, there is no factual or legal basis for Plaintiffs' Complaint to have been filed in Pennsylvania. Because of the forum selection clause, no viable cause of action exists in Pennsylvania. Thus, a Rule (12)(b)(6) dismissal is also a permissible means of enforcing a forum selection clause.  Barbuto, 166 F. Supp. 2d at 347 (citing Crescent International, Inc. v. Avatar Communities, Inc., 857 F.2d 943, 944 (3d Cir. 1988)).

Accordingly, for all of the above reasons, this Court should grant Defendant's Motion to Dismiss based upon lack of jurisdiction and dismiss Plaintiffs' Complaint.

**B.   Rule 12(b)(3) and/or Rule 12(b)(6) Motion To Dismiss, Or Transfer, Based Upon Improper Venue And Enforcement Of The Agreed Upon Forum Selection Clause**

Rule 12(b)(3) authorizes the Court to dismiss a case based upon improper venue. Fed. R.C.P. 12(b)(3).  Where, as here, a valid, enforceable forum selection clause exists, the courts are unanimous in upholding and enforcing the forum selection clause, absent extraordinary circumstances. See Powervar, Inc. v. Power Quality Scis., Inc., 2021 U.S. Dist. LEXIS 132405, *6 (E.D. Pa. 2021) ("A forum selection clause is presumptively valid and must be enforced absent a showing that 'enforcement of the clause would violate a strong public policy of the forum.'"); PNC Equip., 2020 U.S. Dist. LEXIS 194954, *10-11 (E.D. Pa. 2020) ("The Supreme Court itself embraced the validity of forum selection clauses") (citing M/S Bremen v. Zapata Office Co., 407

U.S. 1 (1972)); Barbuto v. Medicine Shoppe Int'l, Inc., 166 F. Supp. 2d 341, 20-21 (W.D. Pa. 2001) (same).[3]

Additionally, the federal courts will enforce forum selection clauses against the signatories and any closely held non-signatories. See Powervar, Inc., 2021 U.S. Dist. LEXIS 132405, *7-9 (applying forum selection clause to dominant shareholder); First Fin. Mgmt. Group v. Univ. Painters of Balt., Inc., 2012 U.S. Dist. LEXIS 49123, *8-9 (E.D. Pa. 2012). As the Court in Powervar stated: "'Courts have deemed a third party's conduct to be 'closely related' to a contractual relationship or dispute—and thus bound the third parties to forum selection clauses—in a wide variety of situations." Powervar, 2021 U.S. Dist. LEXIS 132405, * 7 (citing to Snythes, Inc. v. Emerge Med., Inc., 887 F. Supp. 2d 598, 607 (E.D. Pa. 2012) (collecting cases). Likewise, this Court in First Fin. Mgmt. Group stated: "Courts have found sufficiently close relationships and foreseeability in a number of contexts. Corporations owned and controlled by the party signing the contract containing the forum selection clauses have been found to be bound by the clause." First Fin. Mgmt. Group, 2012 U.S. Dist. LEXIS 49123, *9; see also Firexo , Inc. v. Firexo Group, Ltd., 2023 U.S. Dist. LEXIS 60525, * 3 (N.D. Ohio 2023) ("Courts in this Circuit have held that 'a non-signatory to a contract may be bound by a forum selection clause in that contract if the non-signatory is so sufficiently 'closely related' to the dispute that it is foreseeable that the party will be bound.'"). The same rationale applies to the Mr. Baird, KevGar, and the other closely held Plaintiffs owned by Mr. Baird. They should all be bound by the forum selection clause signed by Mr. Baird on behalf of KevGar.

---

[3] The Sixth Circuit Court of Appeals has also recognized that a forum selection clause will be enforced "but in the most exceptional cases," i.e., when the clause was obtained through fraud, duress, or other unconscionable means. Wong v. PartyGaming, Ltd., 589 F.3d 821, 828 (6th Cir. 2009).

Further, no extraordinary circumstances, as defined by the case law,[4] exist in the instant matter. Nor have they been alleged. Thus, the forum selection clause should be enforced by the Court, and Plaintiffs' Complaint should be dismissed due to both lack of jurisdiction and lack of venue pursuant to Rules 12(b)(2), 12(b)(3), and/or 12(b)(6). See Powervar, *supra*; PNC Equip., *supra*; First Fin. Mgmt. Group, *supra*. Dismissal, or transfer and consolidation with the pending Ohio action in federal court, is also appropriate under 28 U.S.C.S. section 1406(a) based upon improper venue. See 28 U.S.C.S. section 1406(a).[5]

Accordingly, for all of the reasons stated, this Court should dismiss Plaintiffs' Complaint, or, if the Court deems it more appropriate, transfer and consolidate the Pennsylvania action with the pending Ohio federal declaratory judgment action, based upon lack of jurisdiction, improper venue, and the existence of a binding and enforceable forum selection clause.

C. **Motion To Dismiss Or Stay Under The First-Filed Rule**

Dismissal of Plaintiffs' Complaint with or without prejudice or, alternatively, staying these proceedings pending the outcome of the Ohio action is also permitted in accord with the first-filed rule. Southeast Power Grp., Inc. v. SAP Am., Inc., 2020 U.S. Dist. LEXIS 148624, *5-6 (E.D. Pa. 2020). "The first-filed rule . . . gives courts 'the power' to enjoin the subsequent proceedings involving the same parties and the same issues already before another district court. The rule 'encourages sound judicial administration and promotes comity among federal courts of equal rank.'" Southeast Power Grp., 2020 U.S. Dist. LEXIS 148624, *5-6 (E.D. Pa. 2020). The first-

---

[4] "Where unambiguous, contracts should be interpreted according to their plain meaning." PNC Equip., 2020 U.S. Dist. LEXIS 194954, *19. Thus, the courts have held that extraordinary circumstances do not exist absent fraud in procuring the forum selection clause itself, or where enforcement would violate a strong public policy would result in litigation in a jurisdiction so "seriously inconvenient as to be unreasonable." See First Fin. Mgmt, 2012 U.S. Dist. LEXIS 49123, *7-8; PNC Equip., *supra*.

[5] Alternatively, if this Court finds that, absent the forum selection clause, venue would have been appropriate in Pennsylvania, then the court may, if it deems it appropriate, enforce the venue clause by transferring and consolidating this case with the Ohio action pursuant to 28 U.S.C.S. section 1404(a). Barbuto, *supra*.

filed rule also relieves "a party who first brings a controversy into a court of competent jurisdiction from vexation of multiple litigations covering the same subject matter." Landau v. Viridian Energy Pa LLC, 274 F. Supp. 3d 329, 332 (E.D. Pa. 2017).

Here, because the first-filed action was the Ohio action, the current proceedings should be enjoined and either dismissed or stayed, pending the outcome of the Ohio action. A dismissal, or a stay, will promote both comity and judicial economy and will also avoid having inconsistent rulings in different jurisdictions involving the same parties and same subject matter.

### V.    RELIEF REQUESTED

The Defendant, Meyers, Roman, Friedberg & Lewis, Co., LPA, respectfully requests that this Honorable Court grant its motion to dismiss based upon lack of jurisdiction and/or improper venue and dismiss Plaintiffs' Complaint; or, in the alterative, transfer and consolidate Plaintiffs' Complaint with the first-filed Ohio action; or, in the alternative, stay the current proceedings pending the outcome of the first-filed Ohio action.

Respectfully submitted,

**ZARWIN, BAUM, DeVITO,
KAPLAN SCHAER & TODDY, P.C.**

By: /s/ *Bryan P. Werley*

Bryan P. Werley, Esquire (PA I.D. #93150)
Jonathan D. Weiss, Esquire (PA I.D. #78220)
2005 Market St., 16th Floor
Philadelphia, PA 19103
Phone: 215-569-2800
Fax: 215-569-1606
bpwerley@zarwin.com; jweiss@zarwin.com
*Attorneys for Defendant*